Allison A. Fish, Esq., admitted *pro hac vice*
THE KULLMAN FIRM
1100 Poydras Street, Suite 1600
New Orleans, LA 70163-1600
T: (504) 524-4108 | F: (504) 596-4189
AAF@kullmanlaw.com

Heather F. Crow, Esq. admitted *pro hac vice*
THE KULLMAN FIRM
2915 Kerry Forest Pkwy, Suite 101
Tallahassee, FL 32309
T: 850-296-1953 | F: 504-596-4189
HFC@kullmanlaw.com

*Attorneys for Defendant*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MICHAEL MELCHER,<br>    Plaintiff,<br><br>v.<br><br>GENERAL DYNAMICS<br>INFORMATION TECHNOLOGY,<br>INC.<br>    Defendant. | Case No.: 4:25-CV-00157-SHR<br><br>**DEFENDANT'S ANSWER<br>TO PLAINTIFF'S FIRST<br>AMENDED COMPLAINT** |

**NOW COMES** Defendant General Dynamics Information Technology, Inc. ("Defendant" or "GDIT"), through undersigned counsel, who respectfully files the following Answer to the First Amended Complaint ("Complaint") (Doc. 11), filed by Michael Melcher ("Plaintiff" or "Melcher") on June 9, 2025. Defendant categorically denies all of the allegations contained in the Complaint, except for those specifically admitted herein. Defendant answers further and specifically as follows:

### NATURE OF ACTION

1.  Defendant admits that Plaintiff is a former employee who has filed this action against it. Defendant denies all remaining allegations in Paragraph 1.

## JURISDICTION AND VENUE

2. Paragraph 2 contains conclusions of law that Defendant is not obligated to admit or deny. However, Defendant does not contest this Court's jurisdiction.

3. Defendant admits that Plaintiff was employed within the jurisdiction of the District of Arizona. Defendant denies the remaining allegations in paragraph 3.

4. Defendant admits that Melcher was employed by Defendant in this district. The remaining allegations contain conclusions of law that Defendant is not obligated to admit or deny. However, Defendant does not contest venue.

## PROCEDURE

5. Paragraph 5 contains conclusions of law that Defendant is not obligated to admit or deny. Defendant is also without knowledge or information sufficient to either admit or deny the allegations in paragraph 5, and therefore, denies the same.

6. Defendant is without knowledge or information sufficient to either admit or deny the allegations in paragraph 6, and therefore, denies the allegations same.

7. Admitted.

8. Defendant is without knowledge or information sufficient to either admit or deny the allegations in paragraph 8, and therefore, denies the allegations same.

## PARTIES

9. Defendant lacks knowledge or information sufficient to either admit or deny the paragraph, and therefore, denies the allegations contained in paragraph 9.

10. Defendant admits that it is a foreign corporation doing business in Arizona. Defendant denies all remaining allegations contained in paragraph 10.

11. Paragraph 11 contains conclusions of law that Defendant is not obligated to admit or deny, and therefore denies same.

12. Paragraph 12 contains conclusions of law that Defendant is not obligated to admit or deny, and therefore denies same.

13. Admitted.

## ALLEGED FACTS

14. Defendant admits that Melcher was employed by GDIT as a Systems Administrator Advisor. Defendant denies all remaining allegations contained in paragraph 14.

15. Defendant is without sufficient knowledge or information to admit certain allegations in paragraph 15 as to Plaintiff's experience and therefore denies same. Defendant denies the remaining allegations contained in paragraph 15.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Defendant is without sufficient knowledge or information to admit to certain allegations in paragraph 21 concerning Plaintiff's medical diagnosis/treatment, and thus, denies same. Defendant admits that Plaintiff took a leave of absence in 2022. Defendant further denies all remaining allegations in paragraph 21.

22. Denied.

## ALLEGATIONS RELATED TO ADA CLAIMS

23. Defendant admits that Plaintiff took a leave of absence in 2022. Defendant is without sufficient knowledge or information to admit to certain allegations in paragraph 23 concerning his treatment, and thus, denies same. Defendant further denies all remaining allegations in paragraph 23.

24. Denied.

25. Defendant admits that Plaintiff did not immediately disclose his diagnosis to GDIT. Defendant is without sufficient knowledge or information to admit to certain allegations in paragraph 25 concerning Plaintiff's health, and thus, denies same. Defendant further denies all remaining allegations in paragraph 25.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

## ALLEGATIONS REGARDING ADEA CLAIMS

34. Defendant is without sufficient knowledge or information to admit certain allegations in paragraph 34 as to Plaintiff's experience and therefore denies same. Defendant denies the remaining allegations contained in paragraph 34.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied. Further, Defendant denies any allegations contained in the footnote to paragraph 42, including that the notice was sufficient under A.R.S. § 23-1502.

## ALLEGATIONS REGARDING EMOTIONAL DISTRESS CLAIM

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

## ALLEGATIONS REGARDING DEFAMATION AND POST-EMPLOYMENT INTERFERENCE CLAIMS

48. Admitted.

49. Denied.

50. Defendant admits that on or about May 31, 2023, it received a letter from Plaintiff's legal counsel purporting to provide notice of intolerable working conditions pursuant to A.R.S. §23-1502. Defendant denies that the letter meets the requirements of the statute; denies that any intolerable working conditions were identified; denies all allegations in the letter; and denies all remaining allegations contained in paragraph 50.

51. Denied.

52. Denied.

53. Denied.

54. Defendant is without sufficient knowledge or information to admit allegations as to Plaintiff's attempts to seek subsequent employment or what he was told, and therefore denies same.

55. Denied.

56. Denied.

## COUNT ONE

57. Defendant incorporates by reference all responses to all preceding paragraphs as though fully set forth herein.

58. Paragraph 58 contains conclusions of law that Defendant is not obligated to admit or deny. Out of an abundance of caution, Defendant denies same.

59. Paragraph 59 contains conclusions of law that Defendant is not obligated to admit or deny. Out of an abundance of caution, Defendant denies same.

60. Paragraph 60 contains conclusions of law that Defendant is not obligated to admit or deny. Out of an abundance of caution, Defendant denies same.

61. Defendant is without sufficient knowledge or information to admit to certain allegations in paragraph 61 concerning Plaintiff's health treatment, and thus, denies same. Defendant further denies all remaining allegations in paragraph 61.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

## COUNT TWO

67. Defendant incorporates by reference all responses to all preceding paragraphs as though fully set forth herein.

68. Paragraph 68 contains conclusions of law that Defendant is not obligated to admit or deny. Out of an abundance of caution, Defendant denies same.

69. Paragraph 69 contains conclusions of law that Defendant is not obligated to admit or deny. Out of an abundance of caution, Defendant denies same.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

## COUNT THREE

77. Defendant incorporates by reference all responses to all preceding paragraphs as though fully set forth herein.

78. Paragraph 78 contains conclusions of law that Defendant is not obligated to admit or deny. Out of an abundance of caution, Defendant denies same.

79. Paragraph 79 contains conclusions of law that Defendant is not obligated to admit or deny. Out of an abundance of caution, Defendant denies same.

80. Paragraph 80 contains conclusions of law that Defendant is not obligated to admit or deny. Out of an abundance of caution, Defendant denies same.

81. Defendant admits that Plaintiff requested an accommodation. Defendant denies all remaining allegations in paragraph 81.

82. Denied.

83. Denied.

84. Defendant admits that on or about May 31, 2023, Plaintiff's legal counsel issued a letter purporting to provide notice of intolerable working conditions

pursuant to A.R.S. §23-1502. Defendant denies that the letter meets the requirements of the statute; denies that any intolerable working conditions were identified; denies all allegations in the letter; and denies all remaining allegations contained in paragraph 84.

85. Defendant admits that Plaintiff voluntarily resigned on December 31, 2024. Defendant denies the remaining allegations contained in paragraph 85.

86. Denied.

87. Denied.

## COUNT FOUR

88. Defendant incorporates by reference all responses to all preceding paragraphs as though fully set forth herein.

89. Paragraph 89 contains conclusions of law that Defendant is not obligated to admit or deny. Out of an abundance of caution, Defendant denies same.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Paragraph 96 and its footnotes contain conclusions of law that Defendant is not obligated to admit or deny. Out of an abundance of caution, Defendant denies same.

97. Paragraph 97 and its footnotes contain conclusions of law that Defendant is not obligated to admit or deny. Out of an abundance of caution, Defendant denies same.

98. Paragraph 98 contains conclusions of law that Defendant is not obligated to admit or deny. Out of an abundance of caution, Defendant denies same. Defendant denies all remaining allegations contained in paragraph 98.

99. Denied.

## COUNT FIVE

100. Defendant incorporates by reference all responses to all preceding paragraphs as though fully set forth herein.

101. Paragraph 101 contains conclusions of law that Defendant is not obligated to admit or deny. Out of an abundance of caution, Defendant denies same. Defendant admits that Plaintiff is over the age of 40.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

## COUNT SIX

108. Defendant incorporates by reference all responses to all preceding paragraphs as though fully set forth herein.

109. Paragraph 109 contains conclusions of law that Defendant is not obligated to admit or deny. Out of an abundance of caution, Defendant denies same.

110. Paragraph 110 contains conclusions of law that Defendant is not obligated to admit or deny. Out of an abundance of caution, Defendant denies same. Defendant admits that Plaintiff is over the age of 40.

111. Denied.

112. Defendant admits that on or about May 31, 2023, Plaintiff's legal counsel issued a letter purporting to provide notice of intolerable working conditions pursuant to A.R.S. §23-1502. Defendant denies that the letter meets the requirements of the statute; denies that any intolerable working conditions were identified; denies all allegations in the letter; and denies all remaining allegations contained in paragraph 112.

113. Denied.

114. Defendant admits that Plaintiff resigned but denies all remaining allegations contained in paragraph 114.

115. Denied.

116. Denied.

117. Denied.

## COUNT SEVEN

118. Defendant incorporates by reference all responses to all preceding paragraphs as though fully set forth herein.

119. Paragraph 119 contains conclusions of law that Defendant is not obligated to admit or deny. Out of an abundance of caution, Defendant denies same.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

## COUNT EIGHT

124. Defendant incorporates by reference all responses to all preceding paragraphs as though fully set forth herein.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

132. Denied.

133. Denied.

134. Denied.

## COUNT NINE

135. Defendant incorporates by reference all responses to all preceding paragraphs as though fully set forth herein.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

141. Denied.

142. Denied.

143. Denied.

144. Denied.

145. Denied.

146. Denied.

## **ALLEGED DAMAGES**

147. Denied.

148. Denied.

## **PRAYER FOR RELIEF**

To the extent a response is required to Plaintiff's Prayer for Relief, Defendant denies that Plaintiff is entitled to any remedy or relief under law or equity in the Complaint and Prayer for Relief. Further, Defendant does not consent or waive objection to a jury trial on any claim for which Plaintiff is not entitled to have his claims heard by a jury.

## **DEFENSES AND AFFIRMATIVE DEFENSES**

1. Plaintiff fails to state a claim upon which relief may be granted, in whole or in part, and cannot demonstrate the required elements of his claims.

2. Defendant denies that Plaintiff has sustained any damages as a result of Defendant's conduct. Alternatively, Defendant is entitled to set off. In addition, to the extent Plaintiff has failed to mitigate losses, injuries or damages as required by law, Plaintiff cannot obtain any monetary recovery. Further, any damages are subject to statutory caps.

3. To the extent Plaintiff asserts or attempts to assert a claim or cause of action based in whole or in part on alleged facts, or omissions that are untimely, or otherwise outside the applicable statute(s) of limitations and/or outside the scope of Plaintiff's charge(s) of discrimination, such claim or cause of action is barred and due to be dismissed.

4. To the extent Plaintiff asserts or attempts to assert a claim or cause of action for which Plaintiff failed to exhaust administrative remedies, or otherwise failed to meet the notice, procedural and/or substantive requirement(s) for bringing a claim or lawsuit as alleged, such claim or cause of action is barred and due to be dismissed.

5. Each and every alleged action or change to a term or condition of employment related to Plaintiff was based upon legitimate, nondiscriminatory reasons, and/or factors other than Plaintiff's age, alleged disability or purported protected activity.

6. Defendant did not violate the laws cited in the Complaint; alternately, Defendant made good faith efforts to comply with such laws and had reasonable grounds for believing that its act or omission was not a violation of the laws.

7. Plaintiff's claims are barred or limited, in whole or in part, to the extent they are subject to assumption of risk, contributory negligence, consent, discharge in bankruptcy, estoppel, laches, unclean hands, and/or waiver.

8. While denying all of the allegations of Plaintiff's claims regarding liability, injury and damages allegedly sustained by Plaintiff, to the extent that Plaintiff is able to prove any injuries and/or damages, any such damages were not proximately related to any act or omission by Defendant.

9. Defendant is not liable for conduct as alleged by Plaintiff, of which it had no knowledge, actual or constructive, and against which it maintains express policies prohibiting discrimination and retaliation that are effectively disseminated to all employees, supervisors, and alleged agents. Plaintiff failed to avail himself of such policies.

10. Defendant has strict policies for complying with federal, state, and local laws. Although Defendant denies any employees committed unlawful acts or omissions, such conduct would be outside the course and scope of that employee's employment with Defendant.

11. Plaintiff cannot establish a disability discrimination claim because he failed to notify Defendant of his alleged disability and/or sufficiently articulate any request for an accommodation, and/or engage in the interactive process.

12. Plaintiff could not safely and/or substantially perform the essential functions of the job with or without a reasonable accommodation.

13. While maintaining that Plaintiff was not disabled and was not regarded as disabled, to the extent Plaintiff can prove he was disabled, such a disability would have rendered Plaintiff unable to perform the essential duties of his particular job and position, and it would have been an undue burden on Defendant to accommodate such a disability, and/or no reasonable accommodation existed.

14. There is no causal connection between Plaintiff's age, alleged disability, any request for accommodation, or any protected conduct and Plaintiff's separation from employment or any conduct by Defendant.

15. Plaintiff is not entitled to punitive damages as a result of the claim(s); alternatively, such damages are excessive, imprecise, and/or violate Defendant's due process rights under the United States Constitution and/or Arizona State Constitution.

16. Defendant's conduct was not malicious, willful, recklessly indifferent, wanton, extreme or outrageous, and did not manifest an aggravated disregard for Plaintiff's rights, and Defendant further denies any such conduct for which Plaintiff claims to be entitled to punitive damages.

17. Defendant affirmatively states that it made a good faith effort to follow the law and, thus, is not liable for any alleged intentional, malicious, or other acts of its actual agents or employees.

18. Plaintiff is not disabled within the meaning of the ADA, is not a qualified individual with a disability, and was not regarded as disabled by Defendant.

19. Defendant did not deny Plaintiff a reasonable accommodation.

20. Defendant has neither made nor published any false statements regarding Plaintiff.

21. Any conduct or communications made by Defendant regarding Plaintiff are privileged, legally required, employment-related, protected, true or substantially true, opinion, protecting a legitimate business interest, good-faith, within its legal rights, and/or otherwise justified.

DEFENDANT'S ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT

16

22. While denying any improper conduct, Plaintiff failed to mitigate any purported damages, and/or caused or exacerbated his own alleged distress or damages.

23. Defendant specifically reserves all defenses available under Federal Rules of Civil Procedure 8(c) and 12(b).

24. Defendant hereby gives notice that it intends to rely upon any other defense that may become available or appear during discovery or other proceedings in this case and that because the Complaint is couched in exceedingly vague, imprecise and conclusory terms, and because Defendant is still investigating the events, Defendant cannot fully anticipate all defenses that may be applicable to the claims asserted. Accordingly, Defendant hereby reserves the right to amend its Answer and/or assert additional defenses.

Respectfully submitted,

**COUNSEL FOR DEFENDANT**

*s/ Allison A. Fish*
**Allison A. Fish, Esq., admitted *pro hac vice***
THE KULLMAN FIRM
1100 Poydras Street, Suite 1600
New Orleans, LA 70163-1600
T: 504-596-4108 | F: 504-596-4189
AAF@kullmanlaw.com

**Heather F. Crow, Esq., admitted *pro hac vice***
THE KULLMAN FIRM
2915 Kerry Forest Parkway, Suite 101
Tallahassee, FL 32309
T: 850-296-1953 F: 504-596-4189
HFC@kullmanlaw.com

***Attorneys for Defendant***

# CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of June, 2025, I filed the foregoing using the electronic CM/ECF system, which will effectuate service upon all counsel of record:

Joshua C. Black
Law Office of Joshua C. Black, PLC
2999 N. 44th Street, Suite 308
Phoenix, AZ 85018
josh@azemplymentlawyer.com


*s/ Allison A. Fish*
**THE KULLMAN FIRM**